## COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS.
### SAME *vs.* SAME.

A complaint for a search-warrant to search a dwelling-house for intoxicating liquors illegally kept therein may be supported, although the oath of one of the complainants, required by Gen. Sts. c. 86, § 43, is in the alternative, in this form: that intoxicating liquor " has been sold in the house above mentioned by the occupant of said house, or with the consent and permission of the occupant of said house, contrary to law, within one month," the oath being in other respects sufficient.

A search-warrant issued upon such a complaint is not invalid, although the oath alleged to be contained in the complaint is recited with an additional alternative averment, thus: that such liquors " have been illegally sold in said house within one month last past by the occupant thereof, or with the permission and consent of the occupant thereof, or have been taken from said house for the purpose of being sold, contrary to law, within one month."

Such complaint may describe the liquors to be seized as " a certain quantity of whiskey, being about and not exceeding fifty gallons," with a like description of other kinds of intoxicating liquors; and this description will be sufficient although the quantity of whiskey actually found and seized is only two gallons, and although some of the kinds described are not found at all.

THE *first* of these cases was a complaint under Gen. Sts. c. 86, §§ 42, 43, to the police court of Milford for a search-warrant to search a dwelling-house for intoxicating liquors illegally

kept there, said dwelling-house being occupied by Patrick Gillon as a grocery; and the complaint contained the oath of one of the complainants, as follows: " I have reason to believe, and do believe, that intoxicating liquor, such as is above mentioned, has been sold in the house above mentioned by the occupant of said house, or with the consent and permission of the occupant of said house, contrary to law, within one month next before this day; and the said liquor above mentioned is now kept in said house for sale by said Patrick Gillon, contrary to law;" and the facts on which his belief was founded were set forth. A warrant was issued upon this complaint, which recited that one of the complainants " has duly made oath that he has reason to believe, and doth believe, that intoxicating liquors, such as are mentioned in the complaint, have been illegally sold in said house, within one month last past, by the occupant thereof, or with the permission and consent of the occupant thereof, or have been taken from said house for the purpose of being sold, contrary to law, within one month last past," &c. This warrant was served by seizing a large quantity of liquors, described therein, and Patrick Gillon appeared specially, and moved to quash and dismiss the complaint and warrant, for reasons stated in the opinion of the court. This motion was overruled, and the case was submitted to a jury, who found that the liquors were illegally kept as alleged. The said Gillon appealed to this court.

The *second* case was a similar complaint under the same statutes, from Middlesex county and designated the liquors to be seized as "intoxicating liquors, to wit, a certain quantity of rum, being about and not exceeding fifty gallons; a certain quantity of gin, being about and not exceeding fifty gallons; a certain quantity of whiskey, being about and not exceeding fifty gallons; a certain quantity of brandy, being about and not exceeding fifty gallons; a certain quantity of ale, being about and not exceeding one hundred gallons; a certain quantity of strong beer, being about and not exceeding one hundred gallons; a certain quantity of wine, being about and not exceeding fifty gallons." The officer seized upon the warrant " about thirty

gallons of ale, in a barrel; about two gallons of ale, in a jug, about two gallons of whiskey, in a jug." The like proceedings were had in this as in the preceding case.

*N. Richardson & A. F. L. Norris,* for the claimants.

*Reed,* A. G., for the Commonwealth.

FOSTER, J. The principal question in this case, and one which requires examination, is the following: The complaint contains an affidavit by one of the two complainants, which charges, in the alternative, that within one month next before the making thereof, intoxicating liquor has been sold in the dwelling-house to be searched, by the occupant thereof, or with his consent, contrary to law. It is insisted that, by reason of this alternative form of allegation, the complaint is fatally defective; and this position would be undeniably correct if any substantive part of the offence charged were thus set forth. The proceeding is of a criminal nature, and, as the rules of pleading require every fact essential to constitute the crime charged to be alleged with precision and certainty, an alternative averment in the description thereof is never legally sufficient.

But a critical analysis of the various sections relative to search-warrants leads us to the conclusion that the recital objected to is not of such a nature. The Gen. Sts. *c.* 86, § 42, provide that upon a complaint by two persons " that they have reason to believe, and do believe, that any spirituous or intoxicating liquor, described in the complaint, is kept or deposited by a person named in the complaint, in a store, shop, warehouse, building, vehicle, steamboat, vessel or place, and intended for sale contrary to the provisions of that chapter," a search-warrant may be issued, the liquor seized and held by the officers, and the warrant returned before the magistrate who issued it, or some other one in the place where such liquor is alleged to be kept or deposited. Section 44 requires that the complaint shall designate with particularity the place to be searched, the liquors to be seized, the person by whom they are owned, kept or possessed, and intended for sale, and shall allege the intent of such person to sell the same, contrary to the provisions of this chapter. The warrant shall be supported by the oath of the com-

plainant; shall allege that probable cause has been shown for the issuing thereof, and the place to be searched, the liquors to be seized, and the person believed to be the owner, possessor or keeper thereof, intending to sell the same contrary to law, shall be set out by special designation, and with the same particularity as in the complaint; and the offence, both in complaint and warrant, shall be fully, plainly, and substantially described. Section 49 provides that the magistrate shall " hear and determine the allegations of such complaint, and whether the liquors and vessels, or any part thereof, are forfeited." If it appears that the liquor was, at the time of making the complaint, owned or kept by the person alleged therein for the purpose of being sold in violation of this chapter, there is to be a judgment of forfeiture. Section 51 provides that if it is not proved on the trial that the liquor seized was kept or deposited for sale, contrary to law, it is to be returned to the party entitled to receive it.

From the foregoing provisions it appears that the substantive issue to be tried is, whether the party charged in the complaint, at the place therein designated, has owned or kept the liquors therein described with intent to sell the same contrary to law. Both complaint and warrant in the case before us duly and formally allege these facts. They comply with all the requirements contained in the sections which have been quoted. They describe the offence substantially in the words of the statute, and the record is sufficient to warrant a judgment of forfeiture.

The alternative allegations objected to were introduced because the place to be searched was a dwelling-house, and they are made necessary by the provisions of § 43, which we have thus far omitted to refer to. No warrant is to issue to search a dwelling-house, unless a tavern, store, grocery, eating-room or place of common resort is kept therein. The complaint before us alleges that the dwelling-house described is " occupied by the defendant as a grocery," which is equivalent to the language of the section that " a grocery is kept therein."

The 43d section proceeds to require another formality, upon the observance of which the validity of the present proceedings depends. " No warrant shall issue for the search of a dwelling-house

unless one of the complainants makes oath or affirmation that he has reason to believe, and does believe, that such liquor has been sold therein, or taken therefrom, for the purpose of being sold by the occupant, or by his consent or permission, contrary to law, within one month next before making such complaint, and is then kept therein for sale, contrary to law, by the person complained against. The complainant shall, in his oath or affirmation, state the facts and circumstances on which such belief is founded, and such allegations shall be recited in the complaint and warrant."

This affidavit is undoubtedly intended as a safeguard against the invasion of a dwelling-house by process of search without sufficient cause. As it is a more serious interference with the ordinary rights of citizens to enter and search the habitation of a family than to search a shop or other building or place, the legislature deemed it wise to limit the liability of a dwelling-house to be searched to cases where, within one month previously, there was reason to believe that the law had been violated on the premises, either by illegal sales or by taking liquor therefrom for the purposes of sale, as well as by the keeping intoxicating liquors there with illegal intent at the date of the complaint. But the affidavit required is merely a condition precedent to the issuing of the warrant, and the statements it contains are not facts traversable on the trial. The liquor seized is to be forfeited if it is the same described in the complaint, kept at the place designated, by the party named, and with the illegal intent alleged, irrespective of the question whether illegal sales, or removals for sale, from the premises, within one month, are proved to have been made or not. The judgment of forfeiture, in case of liquors seized in a dwelling-house, is justified by the same proof of facts as when the liquors are seized in any other place. Inasmuch as the condemnation of the liquors does not depend upon the reality of the facts and circumstances alleged in such oath of one complainant, that is to say, upon the correctness of his belief, it seems to us to follow that the strict and technical rules of criminal pleading need not, and ought not, to be held applicable to the recital thereof. This

Commonwealth *v.* Certain Intoxicating Liquors.

would be very apparent if the oath of one complainant were in the form of a separate affidavit. And although the section requires that the allegations of the affidavit shall be recited in the complaint and warrant, yet this does not impose the necessity of greater technicality in drawing them. The object of requiring such recital was probably to make known to the parties interested in the liquor, and the premises to be searched, upon what grounds the search-warrant was issued, and to preserve permanently affirmative evidence that the search ordered was not unreasonable. Furthermore, the oath of one complainant may not be founded upon any personal knowledge of his own. His reasonable belief may have been derived from information, and in that case he may have a well-grounded belief that there has been, within a month, either a sale on the premises, or a removal therefrom for sale, and that the act was done either by the occupant or with his permission, and yet the affiant may be unable to state which of these things has taken place. In such a case an alternative oath would be all he could truly make; and we have no doubt of its sufficiency. We therefore overrule the objections to the alternative allegations in the complaint.

There remains to be disposed of the objection that the warrant does not correspond with the complaint, by reason of containing in the recital of the oath of one complainant a further alternative averment not in the complaint, in these words, " or have been taken from said house for the purpose of being sold." This is plainly a misrecital; but we do not think it sufficient to render the proceedings fatally defective. Entertaining the views which have been expressed of the purpose of requiring the recital of an affidavit, not forming a material and traversable part of the complaint, we think the proceedings should not be set aside on account of an obvious clerical error, apparently arising from the failure to erase words in a printed form, or from copying out of the form given in the statute a superfluous clause. The entire oath of that complainant was incorporated *totidem verbis* into the complaint. The warrant is on its face good for the reasons already stated; and the discrepancy between it and the complaint could only be ascertained by comparing

them together, upon doing which all parties interested would
see the original oath, and necessarily obtain the substantial in-
formation as to the grounds upon which the warrant issued,
which the provision requiring the recital to be made was in-
tended to secure.

The only remaining objection relates to the sufficiency of the
description of the liquors, and is answered by Gen. Sts. c. 86,
§ 63. *Downing* v. *Porter*, 8 Gray, 541. We have considered the
questions presented on their merits, as if they had been regularly
brought before us on exceptions.                *Appeal dismissed.*