## WILLIAM M. HANSON v. STATE.

No. A-8544.   Oct. 27, 1933.
(26 Pac. [2d] 436.)

Mounts & Chamberlin, for plaintiff in error.

J. Berry King, Atty. Gen., and Jesse L. Ballard, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Tillman county of the unlawful possession of 27½ gallons of whisky, and his punishment fixed by the jury at a fine of $225 and imprisonment in the county jail for 90 days.

The evidence of the state was that on the date alleged in the information defendant resided on a farm about nine miles northwest of Chattanooga, in Tillman county; that on that date the sheriff of Tillman county, armed with a search warrant and accompanied by L. F. Barbee, a deputy, and other officers, searched the premises occupied by defendant and found concealed in the dwelling house 27½ gallons of whisky.

Defendant did not take the witness stand and offered no evidence in his defense.

Defendant contends, first, that the affidavit for the search warrant was insufficient, because it was not stated therein the date upon which affiant had watched the premises of defendant.

In Smith v. State, 30 Okla. Cr. 144, 235 Pac. 273, this court held a similar affidavit made in the present tense sufficient.

Defendant next contends the court erred in giving instruction No. 2.

This instruction outlines the law, in substance, as stated in section 7002, C. O. S. 1921, together with the further statement that the possession of more than one quart of liquor is prima facie evidence of intent to violate the law, and that possession of more than one quart of whisky is sufficient under the law to show such intention, if the facts and circumstances surrounding the same convince the jury of such intention beyond a reasonable doubt.

While this instruction is not in the form usually given, yet it contains all the essential elements of the crime and sufficiently states the law of the case.

No fundamental error appearing in the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.