[Crim. No. 452.    Fourth Appellate District.—May 21, 1940.]

THE PEOPLE, Respondent, v. WONG FUN, Appellant.

Horace Appel and A. C. Finney for Appellant.

Earl Warren, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant has appealed from a judgment of conviction on a charge of possession of narcotics. He was arrested by two state narcotic inspectors at a residence in Brawley on October 31, 1939, at about 11 o'clock P. M. He was alone at the time and had just been cooking something on the stove in the kitchen of the residence. The residence also had a living room and bedroom in which were some five cots, only one of which had the appearance of being in regular use. This was identified by the defendant as his own bed. There were some card tables and a safe in the living room, and a number of boxes filled with canned goods and dishes, and other articles in the kitchen. Many of these articles had an accumulation of dust on them. The inspectors found six bottles, filled with a solution of wine and opium which contained morphine and codeine, in the kitchen, three being on a sort of table near the stove and the others being near a refrigerator and partly under a table. None of these bottles had any dust on them. When confronted with the bottles in question the defendant stated that he did not know what they were and knew nothing about them. He later told the officers that he did not know who owned them but that he knew there was nothing in them except wine. He stated that no one else was staying at the house and that he had occupied it for thirteen months and paid the rent. He also stated that he had formerly used opium but had used none for some years. There was evidence that he showed no physical signs of the recent use of opium.

The defendant was charged in count I with the possession of narcotics; in count II with a violation of the Deadly Weapons Act; and in count III with a prior conviction for a violation of the State Poison Act. He admitted the charge of prior conviction and pleaded not guilty to the other two

counts. A jury returned a verdict finding him guilty on count I and not guilty on count II. A motion for a new trial was denied and this appeal followed.

It is first contended that the evidence is not sufficient to support the judgment in that it fails to show any possession in the appellant which was exclusive or immediate, or that the bottles containing the opium solution were under his dominion and control. The appellant relies on such cases as *People* v. *Herbert,* 59 Cal. App. 158 [210 Pac. 276], wherein it has been held that the burden of proving possession of narcotics rests on the prosecution and that such possession must have been immediate and exclusive and one under the dominion and control of the defendant. In this connection the appellant called as a witness in his behalf one Tom Wing Foo. This witness testified that he stayed at this residence during April and May of 1939; that he brought these particular bottles of opium solution to the house at that time; that he was then using opium in that form although he quit using it when he left; that when he left some of these bottles were by the stove in the kitchen and the others were under the table; and that the appellant did not see him bring the bottles there and did not know that he had them. This witness left Imperial County in May, 1939, and returned in November of that year.

Not only was the appellant in the control and possession of the house where the opium was found, having paid the rent for more than a year, but he himself stated that he was living there alone and that others who had formerly stayed there with him "had all gone away". He was a professional cook and stated that when others were there he did the cooking for them. The opium was found in conspicuous places in the kitchen where he did his work and where it could not have been easily overlooked. It is significant that the bottles containing the opium were free from dust, which condition did not prevail with respect to many other bottles and articles in the same room. The appellant's contradictory statements with respect to what the bottles contained are not without significance. Moreover, on his way to jail the appellant said to one of the officers: "If you charge me with one complaint I will pay $50 fine." The evidence, with the inferences reasonably to be drawn therefrom, is sufficient to support the judgment in the respect here in question.

■ The only other point raised is that the court failed to properly instruct the jury as to what constitutes possession. The instruction complained of is as follows:

"You are instructed that possession may be either actual or Constructive. Actual Possession is when the article or thing is in the immediate hands or possession of the defendant, and Constructive Possession exists when the defendant has the immediate and exclusive right to control the article. In this case, it is not necessary in order to find the defendant guilty that you be convinced beyond a reasonable doubt and to a moral certainty that the defendant had the morphine and codeine in his hands or on his person. If he had knowledge of its presence and if he had the right to the immediate possession of the same and they were found in the house where he lived and in his room, even though he was in a different part of the house at the time of the arrest, still, if you believe the foregoing facts, beyond a reasonable doubt and to a moral certainty, then the defendant would be in possession.

"Two or more persons may be in the joint possession of articles if each of such persons has the immediate right to the possession and has control of such articles."

It is argued that the first paragraph of this instruction is erroneous in that it fails to instruct the jury that the possession here in question must have been exclusively in the defendant. It is then argued that the second paragraph, with respect to joint possession, had no place in this case and could only have been misleading and confusing to the minds of the jury.

Apparently the second paragraph of the instruction was given in view of the testimony of appellant's witness Tom Wing Foo, to the effect that he had brought the articles in question to the house and left them there. This element was injected into the case by the appellant, by way of a defense. The court further instructed the jury, in that connection, that if they believed that these bottles "were brought into the house at 945 G. Street in Brawley, by Tom Wing Foo, and left there by him, without the knowledge and consent of the defendant, and that the defendant has never handled them or had them in his possession or under his control, then you should find the defendant not guilty on Count No. I of the information".

In the first part of the instruction complained of the court told the jury that constructive possession exists when the defendant has the immediate and exclusive right to control the article. While this was not repeated in the later portion of the instruction which related to his knowledge of the presence of the narcotics and his right to the immediate possession thereof, the whole instruction should be taken together, especially in the light of the evidence to which it applied. The evidence disclosed not only knowledge on the part of the appellant, with a right to immediate possession, but that the bottles had recently been used or handled which must have been done by him. The only other person shown by the evidence to have had any right to possession was Tom Wing Foo. He had been gone for five months and had had no immediate possession, and the issues raised by his evidence were covered in other instructions. When the instructions are considered as a whole, it cannot reasonably be said that the jury may or could have been confused or misled with reference to the necessity of an exclusive dominion or control over the articles on the part of the appellant. While the instructions may not have been perfect in form they were sufficient to inform the jury as to the sort of possession which it was incumbent upon the prosecution to establish. Moreover, a reading of the entire record discloses no miscarriage of justice.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.