[Crim. No. 3505.   First Dist., Div. One.   June 16, 1959.]

THE PEOPLE, Respondent, v. WILLIAM P. NELSON, Appellant.

Gregory S. Stout for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, Thomas C. Lynch, District Attorney (San Francisco), and Philip J. Hanley, Assistant District Attorney, for Respondent.

HANSON, J. pro tem.*—The two main questions presented by this appeal are whether (1) the evidence which gave rise to the conviction of the defendant for having possession of marihuana and with unlawfully planting and cultivating the narcotic plant, was obtained as the result of an illegal search and seizure, and (2) whether the evidence is legally sufficient to sustain appellant's convictions. The case was tried by the court, a jury having been waived.

The basic facts upon which the judgment rests will now be stated. On or about April 4, 1957, and again in the first week of May 1957, the State Division of Narcotic Enforcement

*Assigned by Chairman of Judicial Council.

received information from an unknown informer that marihuana was being grown and used on the premises where the defendant and his family, along with his father and mother, were residing. On the basis of these reports Agent Lennon, on or about the 10th of May, observed from a vacant lot next door to defendant's home that plants were growing in the rear yard of the premises which, at his distance from them, appeared to be marihuana. Subsequently, on May 24, 1957, the agent Lennon again observed that the plants were still growing on the Nelson premises, but at twice the height of his first observation of them. On May 18, 1957, the division received information from an informer (evidently the same informer mentioned above) that marihuana was being kept and smoked in the Nelson home.

In the early part of May 1957 the division had information that Nelson's license had been cancelled and accordingly it arranged with the police that when Nelson drove his car from his home on the evening of May 24, 1957, as he was expected to do, that he would be arrested by the police if he failed to produce a valid driver's license, and that immediately thereafter he would be arrested by the officers of the Narcotic Division for violating the narcotics law. Meanwhile on May 24, 1957, Agent Lennon swore to an affidavit which was presented to a municipal court judge who on the basis of the affidavit issued on that date a search warrant which authorized search of the Nelson premises. The officers being thus fortified were able to carry their plan into execution. Nelson was arrested first by the police officer and next by the division officers. He was then taken to his home. The officers entered the Nelson home, but the facts as to the manner of entry and the statements of the officers and of the father of the defendant as to what was said and what occurred are disputed. The search by the officers revealed 19 marihuana cigarettes in a jewel box on or in a dresser in the bedroom occupied by defendant and his wife and the growing marihuana plants in the back yard. All the parties living at the Nelson house denied any knowledge as to the presence of the cigarettes or plants. On the day following the arrest of the defendant, marihuana debris was found in the floor board and in the ash tray of the automobile which was under defendant's sole control and occupied only by him at the time of his arrest.

The first contention of appellant is that the evidence was obtained as the result of an illegal search and seizure. The alleged illegality is predicated on the fact that the affi-

davit of Lennon referred to two informers whereas the evidence showed there was but one informer; but, that information was relayed to the division on two separate dates is not disputed. Another claim of illegality is that the statements in the affidavit were based not on current information, but on "stale" information too remote in time to justify the issuance of a search and seizure warrant, and therefore the search and seizure was illegal.

In the instant case the date given upon which *information* was first received from undisclosed informants was *April 4, 1957*. It is to be noted that it is not alleged when the *informants themselves saw violations being committed* (*Cf. Waggener* v. *McCanless* (1946), 183 Tenn. 258 [191 S.W.2d 551, 162 A.L.R. 1402].) However, the affiant further alleged that information was received subsequent to that date, and that he had observed marihuana plants growing in the defendant's back yard. (See People's Ex. 6.) It is obvious that the latter two events occurred after the date given (April 4, 1957). Further, the affiant alleged that the informants gave the information in the present tense:

"That on April 4, 1957, and on subsequent dates affiant has been advised by two informers that marijuana is being grown in the backyard and secreted in the room of WILLIAM NELSON, located at 141 Joost Street, in the City and County of San Francisco; that marihuana *is being smoked and kept* at said address; . . . (People's Exhibit 6; emphasis added.)"

█ It has been held where the affidavit states no exact date but is based upon the observation of the affiant, and the offense being committed was stated in the present tense, that the warrant is sufficient. (*Hanson* v. *State of Oklahoma* (1933), 55 Okla. Crim. 138 [26 P.2d 436].) It could thus be reasoned that the information given by the informants was to the effect that the facts were as stated on the date the information was received, i.e., April 4, 1957, and dates subsequent to that time.

█ The agent Lennon, as appears from the reporter's transcript, saw the marihuana plants growing on defendant's premises on May 10, 1957, and received further information from the informer on or about May 18, 1957. The lapse of time was at most 14 days, if we take May 10 as the date to be considered, or six days if we take May 18 as the critical date. While the authorities outside this state are not in accord as to how current the facts relied upon should be, an

interval of not more than 20 days has never been held so unreasonable as to vitiate the search warrant; beyond 30 days has always been held as an unreasonably long delay. (162 A.L.R. 1414.) Why the courts should have concluded that 30 days is too long is not clear. Possibly it stems from the fact that in Massachusetts, for instance, a statute passed some time prior to 1866 limited the time to 30 days. (See *Commonwealth of Massachusetts* v. *Certain Intoxicating Liquors*, 95 Mass. (13 Allen) 52.) ■ But, that apart, we must not forget that the issuance of a search warrant is a judicial act based on facts found by the magistrate which may not be questioned except to determine its sufficiency as a matter of law. (*Arata* v. *Superior Court*, 153 Cal.App.2d 767 [315 P.2d 473].)

■ Moreover, the decision may be questioned only under the provisions and in the manner pointed out by sections 1539 and 1540 of the Penal Code. That was not done here. Hence under the circumstances of this case the defendant is precluded from controverting the facts stated in the affidavit upon which the search warrant was based. (See *State of New Jersey* v. *Best* (1930), 8 N.J.Misc. 271 [150 A. 44, 48]; *United States* v. *McKay*, 2 F.2d 257, 259-260. Compare 5 A.L.R.2d 396; *United States* v. *Allen*, 147 F.Supp. 955.) The case of *Sgro* v. *United States*, 287 U.S. 206 [53 S.Ct. 138, 77 L.Ed. 260, 85 A.L.R. 108], heavily relied on by appellant is not in point. In that case, the court concluded: "The opinion of the [District] court was actually based on the conclusion that the officer issuing the second warrant made no findings of probable cause at that time, but merely changed the date of the old warrant." (85 A.L.R. 114.)

■ Aside from the provisions of sections 1539 and 1540, we must hold that the court had probable cause for issuing the warrant. The affidavit of Lennon disclosed that not only was he advised by an informer that marihuana plants were growing at the rear of the Nelson premises, but that he had personally corroborated that fact by viewing the premises. Secondly, the affidavit disclosed that an informer had subsequently advised the division that marihuana was being concealed and smoked within the Nelson residence. The single fact that marihuana was being grown on the premises would warrant the magistrate in issuing a search warrant with respect to the entire premises as the judge would be entitled to infer that the growing marihuana when harvested would find its way into the house to be there kept and sold or smoked, or indeed for further planting.

The officers of the division when they arrested the defendant, advised as they were of the statements of the informer and of the fact that marihuana was growing on the Nelson premises, had the necessary reasonable cause to believe that the defendant was guilty of committing the felony. (Pen. Code, § 836.) Moreover, the search and seizure which followed was not based on the arrest, but upon the rights accorded to them by the search warrant, which, we have seen, was issued on probable cause.

■ The final contention of the appellant is that the evidence does not sustain the judgment on the ground that it fails to show that he had either knowledge or possession of the marihuana cigarettes or plants.

■ In *People* v. *Van Valkenburg*, 111 Cal.App.2d 337, 350 [244 P.2d 750], it was pointed out that possession need not be exclusive but may be shown by circumstantial evidence. The court therein stated:

". . .While it is necessary, on a possession charge, to show knowledge on the part of the defendant (*People* v. *Gory*, 28 Cal.2d 450 [170 P.2d 433]), such possession need not be exclusive, and may be shown by circumstances as well as by direct evidence, and may be constructive as well as physical. (*People* v. *Torres*, 98 Cal.App.2d 189 [219 P.2d 480] ; *People* v. *Brown*, 92 Cal.App.2d 360 [206 P.2d 1095] ; *People* v. *Graves*, 84 Cal.App.2d 531 [191 P.2d 32] ; *People* v. *Wong Fun*, 39 Cal.App.2d 211 [102 P.2d 774].)"

■ The circumstantial evidence in this case establishes marihuana was found growing in the back yard of the home occupied by defendant. Marihuana cigarettes were found in a jewel box in his bedroom. Add to this, the fact of marihuana debris being found in the automobile which was under his sole control, and occupied only by him at the time of his arrest, and it becomes clear that the evidence was sufficient to raise an inference of knowledge and to justify his conviction.

Judgment affirmed.

Bray, P. J., and Wood (Fred B.), J., concurred.