THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MARION HOLMES, Defendant-Appellee.

(No. 58606; ▇▇▇▇▇▇▇▇▇)

First District (3rd Division)—May 16, 1974.

168

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, Joseph Romano, and Larry Thompson, Assistant State's Attorneys, of counsel), for the People.

Leo E. Holt, of Chicago, for appellee.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

The State, pursuant to Supreme Court Rule 604 (a)(1) (Ill. Rev. Stat. 1971, ch. 110A, par. 604(a)(1)), brings this interlocutory appeal from an order of the circuit court of Cook County sustaining defendant's motion to quash a search warrant and suppress certain evidence. The trial court found that the search warrant was invalid because it failed to state the date of the offense, and because it failed to describe with sufficient particularity the items to be seized.

On June 13, 1971, an officer of the Chicago Heights Police Department appeared before a judge and requested a warrant to search the interior of defendant's vehicle. The complaint for the search warrant identified the items to be seized in the auto as

"* * * an undetermined amount of United States Currency and the weapon used in the armed robbery of the Kroger Food Store at Joe Orr Road and Dixie Hwy. in the City of Chicago Heights * * * which have been used in the commission of, or which constitute evidence of the offense of Armed Robbery."

The complainant therein stated that he had probable cause to believe the items listed above were on the person and premises based upon the following facts:

"Complainant received radio dispatch of a armed robbery of the Kroger Food Store at Joe Orr Road and Dixie Hwy. and that the vehicle used was a black over red Pontiac possible Illinois 71 plate number-6772, also the offender was the same subject who had heldup the store on one other occasion. At 1200 Wentworth Ave. in the City of Chicago Heights approximately ten minutes after the robbery complainant observed one 1966 Black Vinyl over maroon in color, Pontiac GTO, bearing Illinois 71 plate "PF6372" parked unoccupied. The hood of said vehicle was hot to the touch. Victim of the robbery at the Kroger Food Store was brought to 1200 Wentworth Ave. where he (victim) stated the above mentioned vehicle was identical to the vehicle used in the robbery of the store.

Also complainant recognized the vehicle from an extremely detailed description given by a witness to an Armed Robbery of another Kroger Food Store at 26th Street and Chicago Road in the City of Chicago Heights which occurred on 7 May 71 which complainant investigated. At this time above mentioned vehicle was taken into police custody and shown to the witness, one Mark Graziani of 3534 Wallace St., Steger, Illinois. Graziani stated that he was positive that this was the vehicle used in the armed robbery of the Kroger Food Store at 26th Street and Chicago Road on 7 May 71."

The judge issued the search warrant, commanding the complainant to search defendant's automobile and seize "an undetermined amount of United States Currency and the weapon used in the armed robbery of the Kroger Food Store at Joe Orr Road and Dixie Hwy." A search of the auto yielded, among other items, $1,055 in cash and a Colt .38-caliber revolver. Defendant was arrested several weeks later.

At a hearing on his pre-trial motion to quash the search warrant and suppress the physical evidence, defendant argued that the failure of the complaint to specify the date of the offense was fatal to an independent determination of probable cause. He also contended that the State could not rely on the date of the earlier offense set forth in the complaint because its remoteness from the date the warrant was issued rendered the information stale. In a separate argument, defendant maintained that the references in the warrant to the objects to be seized were not described with sufficient particularity to conform to constitutional requirements.

At the conclusion of the hearing, the trial judge ruled that both positions of defendant were meritorious. Accordingly, the judge quashed the warrant and suppressed the physical evidence.

■■ The State first contends that the trial judge erred in holding that the complaint failed to disclose sufficient facts to constitute probable cause justifying the issuance of the search warrant. Conceding that the complaint and warrant omitted the date of the armed robbery prompting the request for the warrant, the State argues that the fact that the complaint for the search warrant was drafted in the present tense was sufficient to enable the judge issuing the warrant to infer that the crime had occurred in the recent past. Alternatively, the State urges that the reference in the complaint to a prior armed robbery which had taken place 37 days prior to the request for and issuance of the search warrant was sufficient to constitute probable cause to search the vehicle.

The leading case rejecting the "present tense" argument is *Rosencranz v. United States* (1st Cir. 1966), 356 F.2d 310. The court explained the reasons for its holding at pp. 316-317:

> "The present tense is suspended in the air; it has no point of reference. It speaks, after all, of the time  *  *  *  which could have been a day, a week, or months before the date of the affidavit. To make [an inference] that the undated information speaks as of a date close to that of the affidavit and that therefore the undated observation made on the strength of such information must speak as of an even more recent date would be to open the door to the unsupervised issuance of search warrants on the basis of aging information. Officers with information of questionable recency could escape embarrassment by simply omitting averments as to time, so long as they reported that whatever information they received was stated to be current at that time. Magistrates would have less opportunity to perform their "natural and detached" function. Indeed, if the affidavit in this case be adjudged valid, it is difficult to see how any function but that of a rubber stamp remains for them."

Many other courts have utilized similar reasoning in rejecting the "present tense" argument. (*United States v. Boyd* (6th Cir. 1970), 422 F.2d 791; *Kohler v. United States* (9th Cir. 1925), 9 F.2d 23; *People v. Chippewa Circuit Judge* (1924), 226 Mich. 326, 197 N.W. 539; *Staker v. United States* (6th Cir. 1925), 5 F.2d 312; *Dandrea v. United States* (8th Cir. 1925), 7 F.2d 861.) Although a few courts have upheld the State's "present tense" contention (See *People v. Nelson* (1959), 171 Cal.App.2d 356, 340 P.2d 718; *Hanson v. State* (1933), 55 Okla. Crim.

138, 26 P.2d 436), these latter decisions fail to disclose the reasoning for their holdings and neglect to address themselves to the possible dangerous implications of their conclusions so persuasively articulated in *Rosencranz*. We, therefore, subscribe to the *Rosencranz* holding, and reject the State's argument that the failure to specify the date of the crime should not be deemed fatal to the search warrant because the complaint was drafted in the present tense.

The State argues alternatively that the reference in the complaint to the armed robbery occurring 37 days prior to the issuance of the search warrant was sufficient to overcome the defects outlined above and to establish the facts supporting a finding of probable cause.

■■ Probable cause exists where facts and circumstances within the knowledge of the affiant are sufficient in themselves to warrant a man of reasonable caution to believe the law is being violated, and that evidence is presently on the premises to be searched. (*People v. Francisco* (1970), 44 Ill.2d 373, 255 N.E.2d 413.) Although there is no strict rule in Illinois as to the number of days which may elapse from the time of the observed offense to the time of the making of the affidavit or complaint upon which the warrant is based, it is axiomatic that the shorter the interval in time, the more likely a conclusion of probable cause will be sustained. (*People v. Holton* (1927), 326 Ill. 481, 158 N.E. 134.) In cases involving the sale of narcotics, intervals of 10 days (*People v. Holton*) and 8 days (*People v. Montgomery* (1963), 27 Ill.2d 404, 189 N.E.2d 327) have been held reasonable and sufficient to sustain findings of probable cause. Although a delay of 49 days has been deemed reasonable (*People v. Dolgin* (1953), 415 Ill. 434, 114 N.E.2d 389), in that case the court specifically held that the facts disclosed a crime of a continuing nature. Also see *People v. McCoy* (1973), 10 Ill.App.3d 1054, 295 N.E.2d 483.

In the present case, there is neither a continuing crime nor a continuing course of conduct. There is merely a complaint for a search warrant reciting that the police are in custody of a vehicle which has been identified as having been used in an armed robbery 37 days prior to the presentment of the complaint. We must presume from the complaint that the automobile was identified by the witness on the date of the mentioned robbery. The only reasonable conclusion to be drawn is that any money seized or weapon employed in the commission of the crime would not be in the automobile after the passage of so long a time. Since the facts stated in the complaint do not supply sufficient information to enable a neutral and detached magistrate to conclude that there was probable cause to believe the items to be seized were in the

vehicle on the date the complaint was presented to the magistrate, the ruling of the trial judge quashing the search warrant for lack of probable cause was correct.

The trial court also correctly held that the search warrant was constitutionally defective in that its recital of the items to be seized did not describe the objects with sufficient particularity.

■■ The constitutional clause requiring the search warrant to describe particularly the items to be seized was inserted to preclude the previous widespread practice of issuing general search warrants. (*People v. Elias* (1925), 316 Ill. 376, 147 N.E. 472.) The clause represents a recognition by our government that it is a natural right of man to be free from unreasonable searches and seizures. (See *Go-Bart Co. v. United States* (1931), 282 U.S. 344.) In determining whether a warrant describes the objects of the search sufficiently, our supreme court, in *People v. Prall* (1924), 314 Ill. 518, 145 N.E. 610, stated at p. 523:

> "A minute and detailed description of the property to be seized is not required, but the property must be so definitely described that the officer making the search will not seize the wrong property. * * * [The warrant must give the officer] information by which he could select certain property within the description in the warrant and refuse to take other property equally well described in the warrant."

In our view, for the purposes of a search warrant, the expression "undetermined amount of United States Currency" is meaningless. It fails to provide any distinction between funds obtained in the robbery and any other money. Although a precise inventory may not have been possible immediately after the robbery, nevertheless a general description of the denominations and an approximate amount could have been ascertained.

■■ Similarly, the term "weapon" is clearly too vague to justify the issuance of a search warrant. A weapon is a generic term that could apply to a variety of instruments. It is such a broad term that officers executing the warrant had unlimited discretion as to what they could seize. More information was necessary to make the search warrant constitutionally adequate.

The State in this court also maintains that the search of the vehicle was permissible without a valid search warrant. The State, however, did not make this argument in the trial court. Indeed, it rejected the trial judge's invitation to offer testimony regarding the existence of exigent circumstances which might have justified the search without a warrant. Since no testimony was adduced regarding the possible existence of such

exigent circumstances, we are precluded from arriving at an independent determination of the validity of a warrantless search.

Accordingly, we hold that the trial court correctly quashed the search warrant and suppressed the evidence thereby seized. The order of the circuit court of Cook County is affirmed.

Order affirmed.

McGLOON and MEJDA, JJ., concur.