## 49851. DANFORD v. THE STATE.

WEBB, Judge.

A motion to suppress evidence was made in this case involving possession of illegal drugs. Christopher Danford contends that the search warrant was issued on stale and insufficient information, without probable cause, and consequently the search of his automobile that yielded the contraband was illegal. It is our judgment there is no merit in this contention.

The "probable cause" portion of the officer's affidavit here states in material part: "Informant personally overheard a conversation between Christopher Danford and other unidentified negro males stating that Danford would be making a trip to Florida on the twelfth (12th) day of May for the purposes of obtaining drugs, namely heroin, which is to be transported back to Waycross for distribution by Christopher Danford in the above described vehicle sometime during the afternoon or evening hours of this date May 12, 1973." Obviously the criminal activity referred to in the affidavit had not taken place at the time the informer gave his tip, and the informer was alerting the police as to criminal transactions which would take place *in the future.* Although in this case it would have been very easy for the affiant to have stated the time the informer overheard the conversation, he did state when the illegal arrival would be, which was more relevant for interception and apprehension.

"The use of the *present tense* by the affiant that the stolen property *'is now'* located on defendant's premises was sufficient to authorize the issuing judicial officer to make an independent determination that the observation of the policeman relied upon was current and not stale. *Johnston v. State,* 227 Ga. 387 (181 SE2d 42)." *Lewis v. State,* 126 Ga. App. 123, 128 (190 SE2d 123) (Emphasis supplied.) Accord, *Butler v. State,* 127 Ga. App. 539, 540

(194 SE2d 261); *Covington v. State,* 129 Ga. App. 150 (199 SE2d 348); People v. Nelson, 171 Cal. App. 2d 356 (340 P2d 718); Griffin v. State, 95 Okla. Crim. 421 (246 P2d 424); Hanson v. State, 55 Okla. Crim. 138 (26 P2d 436); Alexander v. State, 123 Tex. Crim. 65 (57 SW2d 157); Borras v. State, 229 S.2d 244 (Fla.). The "staleness" objection being without merit where the affidavit states that the activity *is* occurring, a fortiori there cannot be "staleness" where it is stated the activity will occur in the immediate future.

The evidence submitted to the magistrate was sufficient to show probable cause and the trial court did not err in overruling the motion to suppress.

*Judgment affirmed. Evans, J., concurs. Pannell, P. J., concurs in the judgment.*

SUBMITTED NOVEMBER 5, 1974 — DECIDED FEBRUARY 7, 1975.

*Schreiber, Rozier & Thomas, C. Edwin Rozier,* for appellant.

*Dewey Hayes, District Attorney, M. C. Pritchard,* for appellee.