## A94A2447. THE STATE v. BAKER et al.
(453 SE2d 115)

SMITH, Judge.

Mark and Matthew Baker were indicted on charges of bribery, possession of cocaine with intent to distribute, conspiracy to traffic in cocaine, and contributing to the delinquency of a minor. The State appeals from the trial court's grant of the Bakers's motions to suppress evidence.

The record reflects that Patrolman Edward Diaz had been working with the Lowndes/Valdosta/Brooks County Drug Squad by providing manufactured information to the Bakers regarding the activities of the drug squad in return for money. On February 17, 1994, Special Agent Terry Griffin of the drug squad executed an affidavit for a search warrant for the Bakers' home. In the affidavit, he stated he had received information in the past 24 hours that a quantity of cocaine would be delivered to the Bakers at their home the next day by Patrolman Diaz. The warrant was issued.

The next day, under direction of the drug squad, Diaz telephoned the Baker home and spoke with Mark Baker. He told Baker he was in possession of crack cocaine that he had recovered from a fleeing suspect, inquired whether the Bakers wanted the contraband, and stated he would bring it to their home later that day. When Diaz arrived at the Baker home with cocaine, he offered it to Matthew Baker, who accepted. Diaz, who was "wired," then gave the signal to the monitoring Drug Squad officers that the transaction had been completed by asking to use the rest room.

The officers then entered the Baker home. They found the cocaine Diaz had given the Bakers on the kitchen floor at Matthew Baker's feet. Additional cocaine was found by Diaz in the Bakers's bathroom.

The Bakers sought suppression of the cocaine on the grounds that the search warrant was illegally issued for various specific reasons. The orders granting the motions recite that the motions were granted "for the reasons stated by the court on the record at the hearing on said motions." At the hearing, appellees' contentions were twofold: that the warrant was invalid because at the time it was issued no probable cause existed to believe that there were drugs in the Baker home; and that the officers themselves "set up" the situation and placed the drugs in the house.

The trial court agreed with the State that the warrant was valid, stating that "anticipatory" search warrants themselves are not per se illegal. This was correct. See *Danford v. State*, 133 Ga. App. 890 (212 SE2d 501) (1975). Nevertheless, the trial court granted the motion to suppress on the ground that the police conduct amounted to entrapment. The State contends the trial court improperly considered the

issue of entrapment at the hearing on the motion to suppress. We agree and reverse.

First, a motion to suppress must be in writing and must state facts supporting the allegations of illegality. See OCGA § 17-5-30 (b). The motion filed by the Bakers did not allege entrapment.

Second, a motion to suppress challenges the admission of evidence obtained illegally. In contrast, entrapment is not a rationale for suppressing evidence but an affirmative defense to a criminal prosecution. OCGA § 16-3-25. Although a directed verdict may sometimes be granted on the issue of entrapment under appropriate circumstances, *Hill v. State*, 261 Ga. 377 (405 SE2d 258) (1991), generally, when the defense is raised it becomes an issue of fact for resolution by the jury. *Hattaway v. State*, 185 Ga. App. 607, 608 (365 SE2d 480) (1988); *Tolbert v. State*, 138 Ga. App. 724, 726 (1) (227 SE2d 416) (1976).

We intimate no opinion on the merits of the defense. If at trial the Bakers introduce evidence of entrapment, the State must rebut that evidence or risk the grant of a directed verdict of acquittal. *Hill*, supra; *Wilkey v. State*, 203 Ga. App. 1, 3 (416 SE2d 350) (1992). A ruling on the defense of entrapment, however, was premature at the hearing on the motion to suppress.

*Judgment reversed. McMurray, P. J., and Pope, P. J., concur.*

DECIDED JANUARY 12, 1995.

*H. Lamar Cole, District Attorney, Robert T. Gilchrist, Assistant District Attorney,* for appellant.
*George M. Saliba II,* for appellees.