[No. 28422-3-I.   Division One.   December 2, 1991.]

THE CITY OF SEATTLE, *Respondent*, v. BRADFORD PERSONEUS, *Petitioner*.

*Howard K. Todd* and *Gaitan & Cusack,* for petitioner.

*Mark H. Sidran, City Attorney,* and *Margaret M. Boyle, Assistant,* for respondent.

PER CURIAM. — Bradford Personeus has filed a motion to modify a commissioner's ruling denying discretionary review of a superior court decision affirming his conviction in Seattle Municipal Court of driving while intoxicated. We grant the motion to modify, grant discretionary review, accelerate review pursuant to RAP 18.12, and reverse.

The relevant facts are summarized in the commissioner's ruling:

> In August, 1989, Personeus was stopped by Seattle Police Sergeant Howard Monta because he was driving slowly, with a perceptible weave, and without signaling his turns. Monta pulled in behind Personeus in a tavern parking lot and activated his emergency lights. Monta noted the odor of alcohol on Personeus' breath and that he had slurred speech. Monta is a supervisor with responsibility for other officers and did not want to process his stop of Personeus. He therefore called for another officer to administer field sobriety tests and told Per-

soneus to wait. Personeus asked to leave the scene to walk to his home but Monta told him he could not.

The second officer arrived about 13 minutes later. During the interval, Personeus was neither advised of his right to a lawyer nor given an opportunity to contact one. The second officer had Personeus perform numerous coordination and agility tests.

In pretrial hearings, the Seattle Municipal Court ruled that Personeus had not been free to go from the moment Monta activated his emergency lights, that there was no reason for Monta to refrain from administering the field sobriety tests, and that the delay in administering the tests had been for the convenience of the police. Nevertheless, the court ruled that Personeus had no right to refuse to take the field sobriety tests and that the results of those tests were therefore admissible. Prior to trial, the trial judge suppressed the results of Personeus' breath alcohol test.[1] At trial, Personeus attempted to offer the testimony of a Dr. Hlastala, who would have testified regarding the burn-off rate of alcohol. The trial judge excluded this testimony on the ground that it was not relevant because the breath test had been suppressed and because the phenomenon of alcohol burn-off is within the common knowledge of most jurors.

The trial judge also denied Personeus' request that the jury be instructed that "under the influence of" and "affected by" alcohol have the same meaning. The jury returned a conviction.

On appeal, the superior court affirmed, holding as follows: (1) The instructions, when taken as a whole, did not deprive the def. of a fair trial as they properly instructed the jury; (2) There is a sufficient basis in the record to support the finding that the trial court did not abuse its discretion when excluding the testimony of def.'s expert, nor did the exclusion abridge the def.'s right to present evidence; and (3) the def. did not have a right to an attorney prior to the request that he perform field sobriety tests (FST's), nor did the [def.] have a right to refuse such tests. That the def. was detained for 13 minutes prior to performing FST's does not change that finding: the def.'s right to an attorney did not accrue during the wait, under the criminal rule for courts of limited jurisdiction.

Commissioner's ruling, at 2-3.

Personeus maintains that discretionary review is warranted on evidentiary, instructional, and constitutional

---

[1]The decision to suppress the results of the breath test is not at issue here.

grounds.[2] He first contends that the Superior Court erred in upholding the trial court's exclusion of the proposed testimony of Dr. Hlastala, an expert witness who was going to explain the "burn-off phenomenon" of alcohol. The trial court excluded the testimony, concluding that it would not be of assistance to the jury under the circumstances because the results of the breath test had been excluded and because the jury was capable of understanding the "burn-off phenomenon" without expert testimony.

■■ Expert testimony is admissible if it "will assist the trier of fact to understand the evidence or to determine a fact in issue . . .". ER 702. The trial court has great discretion with respect to the admissibility of expert testimony; where the reasons for excluding or admitting expert testimony are "fairly debatable", the trial court's exercise of discretion will not be reversed on appeal. *Group Health Coop., Inc. v. Department of Rev.*, 106 Wn.2d 391, 398, 722 P.2d 787 (1986) (quoting *Walker v. Bangs*, 92 Wn.2d 854, 858, 601 P.2d 1279 (1979)). Expert testimony is unnecessary when "the issue involves a matter of common knowledge about which inexperienced persons are capable of forming a correct judgment . . .". *State v. Smissaert*, 41 Wn. App. 813, 815, 706 P.2d 647, *review denied*, 104 Wn.2d 1026 (1985).

The primary issue before the jury here was whether Personeus' ability to drive a motor vehicle was "lessened in any appreciable degree", *i.e.*, whether Personeus was *affected* by alcohol at the time he was detained. The trial court con-

---

[2] RAP 2.3(d) provides that discretionary review is appropriate only:

"(1) If the decision of the superior court is in conflict with a decision of the Court of Appeals or the Supreme Court; or

"(2) If a significant question of law under the Constitution of the State of Washington or of the United States is involved; or

"(3) If the decision involves an issue of public interest which should be determined by an appellate court; or

"(4) If the superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by the court of limited jurisdiction, as to call for review by the appellate court."

cluded that Dr. Hlastala's testimony was unnecessary primarily because "anyone can understand that alcohol burns off." From the offer of proof, however, it is apparent that the proposed testimony was not limited to the *fact* of "burn-off", but also encompassed the *rate* of "burn-off" for someone of Personeus' weight. While the former is arguably a matter of common knowledge, the latter is not. The trial court's ruling failed to recognize this distinction.

Dr. Hlastala's testimony regarding the rate of "burn-off" would have assisted the jury in understanding the evidence of alcohol consumption over the course of the evening. In addition, the proposed testimony would have permitted the jury, if it believed Personeus' account, to assess the quantity of alcohol remaining in Personeus' system at the time he was detained. Such evidence was therefore relevant and arguably exculpatory. Under those circumstances, exclusion of the evidence was an abuse of discretion.

The erroneous exclusion of evidence is harmless if, within reasonable probabilities, the error did not affect the result of the trial. *See State v. Cunningham*, 93 Wn.2d 823, 831, 613 P.2d 1139 (1980). Here, given the nature of the charge and the nature of the proposed evidence, we cannot say that the error was harmless. Consequently, Personeus' conviction must be reversed, and the matter remanded for a new trial.

In light of our resolution, we do not address the remaining challenges by Personeus, with one exception. Both the Superior Court and the Municipal Court found that Personeus had no "right" to refuse a request to perform a field sobriety test. The basis for this finding is unclear, since nothing in the record suggests that Personeus refused to perform the test and was compelled to do so. The City concedes, however, that Personeus had no legal obligation to perform a field sobriety test and we emphatically agree. *Cf. State v. Fitzsimmons*, 93 Wn.2d 436, 449, 610 P.2d 893, 18 A.L.R.4th 690, *vacated and remanded*, 449 U.S. 977, *aff'd on remand*, 94 Wn.2d 858, 620 P.2d 999 (1980), *overruled on*

*other grounds in Spokane v. Kruger,* 116 Wn.2d 135, 803 P.2d 305 (1991). Consequently, to the extent the findings reflected a contrary obligation, they were in error.

Reversed and remanded.