# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70056-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY EARL BURR, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: April 28, 2014 |
| | ) | |

COX, J. – Anthony Burr appeals his judgment and sentence, claiming that the trial court erred when it denied his motion to suppress a gun found in his car because the search "flowed from an unlawful frisk for weapons." Because this search was supported by a reasonable belief that Burr was armed and presently dangerous, we disagree and affirm.

The State charged Burr with unlawful possession of a firearm in the second degree. The charge was based on an incident that occurred in 2010. The trial court's findings of fact provide context.

On February 9, 2010, at around 10:18 p.m., Marcus Dill, a deputy sheriff with the Snohomish County Sheriff's Office, saw two males standing near a parked car in an apartment complex parking lot. The door was open for this parked car and a wheel was leaning against the driver's door.

Deputy Dill immediately recognized Burr and the other male, Jason Cobbs, from previous encounters with each man. He was aware that neither

man lived at the apartment complex. He also knew that both Burr and Cobbs were convicted felons with a history of possessing weapons.

Earlier that day, Deputy Dill had received an anonymous tip that Cobbs had been attempting to sell firearms to juveniles.

He frisked Burr and Cobbs for weapons. Burr told Deputy Dill that he had a marijuana pipe in his pocket.

He detected the odor of burnt marijuana coming from the area near the car where Burr had been standing. He requested permission to search the car but they refused. A K-9 dog responded, sniffed outside the vehicle, and gave a positive response. Deputy Dill impounded the car.

He obtained a warrant and searched the car a week later. He found a loaded handgun in the glove compartment. Burr later admitted that the handgun was his.

Burr moved to suppress the marijuana pipe and the handgun. He made several arguments to support his motion, one of which was that Deputy Dill's search was not supported by a reasonable belief that Burr was armed and dangerous at the time of the frisk.

At a hearing on this motion, the court heard testimony from Deputy Dill. The court concluded that there was a sufficient basis to pat down Burr, and it denied his motion to suppress. The court later entered its written findings of fact and conclusions of law for the suppression hearing.

In February 2013, the trial court entered a guilty finding after a stipulated bench trial. The court later entered findings of fact and conclusions of law for the trial.

Burr appeals.

## MOTION TO SUPPRESS

Burr argues that the frisk was unlawful and that the trial court erred when it concluded that Deputy Dill reasonably believed his safety or that of others was at risk when he frisked Burr for weapons. We disagree.

"'The Constitution does not require an officer to wager his physical safety against the odds that a suspected assailant is actually unarmed.'"[1] "A reasonable safety concern exists, and a protective frisk for weapons is justified, when an officer can point to 'specific and articulable facts' which create an objectively reasonable belief that a suspect is 'armed and presently dangerous.'"[2] "'The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent [person] in the circumstances would be warranted in the belief that his [or her] safety or that of others was in danger.'"[3]

"'Courts are reluctant to substitute their judgment for that of police officers in the field. A founded suspicion is all that is necessary, some basis from which

---

[1] State v. Belieu, 112 Wn.2d 587, 602 n.3, 773 P.2d 46 (1989) (quoting State v. Serrano, 14 Wn. App. 462, 469-70, 544 P.2d 101 (1975)).

[2] State v. Collins, 121 Wn.2d 168, 173, 847 P.2d 919 (1993) (quoting Terry v. Ohio, 392 U.S. 1, 21-24, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968)).

[3] Id. at 173 (alterations in original) (quoting Terry, 392 U.S. at 27).

the court can determine that the [frisk] was not arbitrary or harassing.'"[4] We must consider the entirety of the circumstances in determining the validity of a protective search.[5]

In State v. Holbrook, this court held that an officer was justified in conducting a protective search based on "the fact that th[e] stop was made at night, Holbrook had a passenger in the car, and the officer had information indicating there might be a gun in the car, even though obtained from a source whose reliability had not been established . . . ."[6]

In State v. Collins, the supreme court upheld a protective frisk based on the reliable fact of Collins's apparent prior access to a weapon, combined with the fact that the stop occurred at 4 a.m. and the fact that Collins had a prior felony arrest.[7]

We review a trial court's ruling on a motion to suppress to determine whether substantial evidence supports the trial court's factual findings and whether its factual findings support its conclusions of law.[8] "Evidence is substantial when it is enough 'to persuade a fair-minded person of the truth of the

---

[4] Id. (alteration in original) (internal quotation marks omitted) (quoting Belieu, 112 Wn.2d at 601-02).

[5] State v. Glossbrener, 146 Wn.2d 670, 679, 49 P.3d 128 (2002).

[6] 33 Wn. App. 692, 695, 657 P.2d 797 (1983).

[7] 121 Wn.2d 168, 174-78, 847 P.2d 919 (1993).

[8] State v. Garvin, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009).

stated premise.'"[9] Unchallenged findings of fact are verities on appeal.[10] This court may look to the trial court's oral findings to aid its review if the written findings are incomplete.[11] We review conclusions of law de novo.[12]

Here, the unchallenged written findings, as well as the factors cited by the trial court in its oral ruling, support its conclusion that the frisk was lawful. The court, in its oral ruling, stated:

> [I]t's clear to me based on the information that the officer had that night, the [anonymous tip], the fact that the individuals had their hands in their pockets, had knowledge that they had possessed weapons before, it is at night, there were issues in relation to officer safety, so I do believe it was reasonable for him on the totality of the circumstances here. And I think a significant portion of that is, one, the [anonymous tip]. Two, the fact that the officer saw Mr. Burr enter and exit the vehicle, that that was sufficient basis for him to do the pat down search.[13]

These facts are supported by Deputy Dill's testimony at the evidentiary hearing. Deputy Dill testified that there was a "significant amount of criminal activity in that area."[14] He explained that he had been advised of an anonymous tip that Cobbs had been trafficking firearms to some juveniles at the Hampton Court Apartments. Further, he testified that he believed that this incident with Burr and Cobbs occurred at these same apartments.

---

[9] Id. (quoting State v. Reid, 98 Wn. App. 152, 156, 988 P.2d 1038 (1999)).

[10] State v. Valdez, 167 Wn.2d 761, 767, 224 P.3d 751 (2009).

[11] State v. Robertson, 88 Wn. App. 836, 843, 947 P.2d 765 (1997).

[12] Garvin, 166 Wn.2d at 249.

[13] Report of Proceedings (Aug. 2, 2012) at 46-47.

[14] Id. at 7.

Deputy Dill also testified that Burr had been involved in stolen vehicles and drug trafficking, and that Deputy Dill's partner had previously removed a firearm from Burr. He said that he observed Burr get into the car briefly and then get back out as Deputy Dill approached.

Deputy Dill stated that his primary reason for the pat-down was "his own safety." He explained that he was by himself, it was dark, he did not know if they were stealing the car or why they were there and that they had a history of possessing weapons.

The unchallenged written findings, along with the circumstances that the trial court highlighted at the hearing, show specific and articulable facts that created an objectively reasonable belief that Burr was armed and presently dangerous. Under these circumstances, such information could lead a reasonably careful officer to believe that a protective frisk should be conducted to protect his safety and the safety of others.

In sum, the trial court did not err when it concluded that the frisk was lawful.

Burr argues that "neither he nor Cobbs said or did anything threatening to Dill," that "neither man attempted to flee or ignored Dill's directions," that "neither made furtive movements," and that "neither grabbed a tool to use against Dill." But these factors are not required to justify a protective search. If such evidence is present, it may justify a protective search, but its absence does not mean that the frisk was not justified. Burr cites no authority to the contrary.

6

Burr also argues that Deputy Dill could have taken other actions, such as moving Burr and Cobbs away from the car to alleviate any concern. But there is nothing that requires Deputy Dill to take other action before conducting a frisk. Burr's argument is not persuasive.

We affirm the judgment and sentence.

_Cox, J._

WE CONCUR:

_Spearman, C.J._

_Dwyer, J._

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2014 APR 28 AM 9:40