IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32964-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHANE D. HOLMAN, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |

SIDDOWAY, C.J. — A jury found Shane D. Holman guilty of second degree burglary and third degree theft based on evidence seized following a traffic stop. He appeals, contending the trial court erred by denying his CrR 3.6 motion to suppress the evidence seized because the stop was pretextual. We disagree and affirm.

FACTS

Around 11:00 p.m., Kittitas County Sheriff Deputies Zack Green and Grant Thompson observed a vehicle approaching a public road from a dirt road on private property. The dirt road was in a primarily agricultural area. Deputy Green was aware of prior reports of thefts and burglaries in the area and he considered the presence of a passenger vehicle, as opposed to a pickup, to be suspicious. The deputies turned around and followed the car. They observed there was no rear license plate on the car. They stopped the vehicle based on the lack of a license plate.

Mr. Holman was the driver. Officers discovered stolen items inside the vehicle from a nearby residence and storage unit. The State charged Mr. Holman with second degree burglary and third degree theft. He requested the trial court suppress the fruits of the stop, arguing it was a pretextual stop in violation of his United States Constitution Fourth Amendment rights. The trial court denied his request, finding the vehicle was on private property where prior criminal activity had occurred. A jury subsequently found Mr. Holman guilty of the burglary and theft. He appeals.

## ANALYSIS

Relying on Article I, section 7 of the Washington Constitution, Mr. Holman contends the trial court erred because the facts establish the officers' stop of the vehicle was pretextual. "When reviewing the denial of a suppression motion, an appellate court determines whether substantial evidence supports the challenged findings of fact and whether the findings support the conclusions of law." *State v. Garvin*, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009). Substantial evidence is evidence that is "enough 'to persuade a fair-minded person of the truth of the stated premise.'" *Id.* (quoting *State v. Reid*, 98 Wn. App. 152, 156, 988 P.2d 1038 (1999)). Conclusions of law from an order related to the suppression of evidence are reviewed de novo. *Id.*

To justify a *Terry* or investigative stop under the Fourth Amendment and art. I, § 7 of the Washington State Constitution, a police officer must be able to "point to specific and articulable facts which, taken together with rational inferences from those facts,

2

reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 19, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); *State v. Armenta*, 134 Wn.2d 1, 20, 948 P.2d 1280 (1997). Officers only need reasonable suspicion, not probable cause, to stop a vehicle in order to investigate whether the driver committed a traffic infraction or a traffic offense. *State v. Duncan*, 146 Wn.2d 166, 173-75, 43 P.3d 513 (2002).

Here, the facts support a stop of Mr. Holman's vehicle based on reasonable suspicion. The vehicle was in a dark, rural area, it was late at night, Mr. Holman was driving a type of vehicle not normally seen on those roads, and one of the deputies had personally responded to thefts in the area in the past. After following the vehicle, the deputies observed the car did not have a license plate, thus giving the deputies an actual reason to stop the car, as well as continue their initial investigation.

A mixed-motive traffic stop is not pretextual so long as the desire to address a suspected traffic infraction (or criminal activity) for which the officer has a reasonable articulable suspicion is an actual, conscious, and independent cause of the traffic stop. *State v. Chacon Arreola*, 176 Wn.2d 284, 288, 290 P.3d 983, (2012). In other words, so long as a police officer actually, consciously, and independently determines that a traffic stop is reasonably necessary in order to address a suspected traffic infraction, the stop is not pretextual in violation of article I, section 7, despite other motivations for the stop. *Id.*

3

No. 32964-0-III
*State v. Holman*

Here, substantial evidence supports the court's finding that the vehicle was on private property where prior criminal activity had occurred. Given these facts, the deputies made the decision to investigate further. It was at that point that they observed the car had no license plate. Based on this infraction, they had reason to stop the car.

In sum, the passenger car being driven on private property in a rural area at 11:00 p.m. where law enforcement had responded to prior theft calls raised suspicion of criminal activity to justify an investigation, and the missing license plate clearly justified the stop. The trial court properly found likewise in denying Mr. Holman's motion to suppress.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, C.J.

WE CONCUR:

Fearing, J.

Pennell, J.

4