IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34208-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DANIEL R. SAVINO, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — The trial court held a CrR 3.5 hearing and

determined that Daniel R. Savino's statements to the arresting officer were admissible.

Following that determination, a jury found Mr. Savino guilty of possession of a controlled

substance—methamphetamine. On appeal, Mr. Savino argues the trial court erred

because his statements were made in response to police conduct that was likely to elicit an

incriminating response. We find no factual support for his argument and affirm.

## FACTS

Deputy Daren Schaum was on patrol in Spokane Valley when he responded to a

malicious mischief call. Wendy Savino had called to report that her son, Daniel Savino,

had broken a window in her house. Once Deputy Schaum arrived, he spoke to Ms.

Savino and obtained probable cause to believe Mr. Savino had committed third degree

malicious mischief—domestic violence. The deputy advised Ms. Savino that the nature

of the suspected crime required him to arrest her son.

Deputy Schaum then handcuffed and searched Mr. Savino incident to arrest. The

deputy found a clear plastic cigarette wrapper and inside that wrapper was another

wrapper that contained a crystalline substance. Deputy Schaum immediately recognized

the substance as methamphetamine. At this time, and prior to receiving *Miranda*[1]

warnings, Mr. Savino said the pants were not his and then said, had he known that it was

there, he would have gotten rid of it before the officer arrived. Mr. Savino's statement

was not made in response to any police questioning and implied that he knew that the

substance was an illegal substance.

The State charged Mr. Savino with possession of a controlled substance—

methamphetamine. The court held a CrR 3.5 hearing to determine the admissibility of

Mr. Savino's statements. After the above facts were presented, the trial court found that

Mr. Savino made the statements while handcuffed and he was not free to leave, but that

the statements were not made in response to any police questioning. From these findings,

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

2

the trial court concluded that although the statements were custodial, the statements were not the product of police interrogation, were voluntary, and were therefore admissible.

The case proceeded to a short jury trial. The jury found Mr. Savino guilty as charged. Mr. Savino timely appealed.

ANALYSIS

Mr. Savino contends the trial court erred when it did not suppress his custodial statements to Deputy Schaum.

When reviewing the denial of a suppression motion, we determine "whether substantial evidence supports the challenged findings of fact and whether the findings of fact support the conclusions of law." *State v. Garvin*, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009). Evidence is substantial when it is sufficient "'to persuade a fair-minded person of the truth of the stated premise.'" *Id.* (quoting *State v. Reid*, 98 Wn. App. 152, 156, 988 P.2d 1038 (1999)). Unchallenged findings of fact are verities on appeal. *State v. Broadaway*, 133 Wn.2d 118, 131, 942 P.2d 363 (1997). We review the trial court's conclusions of law from a suppression hearing de novo. *State v. Campbell*, 166 Wn. App. 464, 469, 272 P.3d 859 (2011).

The Fifth Amendment to the United States Constitution guarantees that "no person . . . shall be compelled in any criminal case to be a witness against himself." "The right

against self-incrimination is liberally construed." *State v. Easter*, 130 Wn.2d 228, 236, 922 P.2d 1285 (1996).

*Miranda* warnings were developed to protect a defendant's constitutional right not to make incriminating confessions or admissions to police while in the coercive environment of police custody. *State v. Harris*, 106 Wn.2d 784, 789, 725 P.2d 975 (1986). *Miranda* warnings must be given when a suspect endures (1) custodial (2) interrogation (3) by an agent of the State. *State v. Sargent*, 111 Wn.2d 641, 647, 762 P.2d 1127 (1988). Without *Miranda* warnings, a suspect's statements during custodial interrogation are presumed involuntary and inadmissible. *State v. Heritage*, 152 Wn.2d 210, 214, 95 P.3d 345 (2004).

Here, the parties agree that Mr. Savino was in custody for purposes of *Miranda*, and the statements in question were made to an agent of the state. The question is whether Mr. Savino's statements were made in response to police interrogation.

Mr. Savino argues that Deputy Schaum's conduct was a form of interrogation sufficient to necessitate *Miranda* warnings. Specifically, he argues:

> [T]he issue is whether the defendant would believe the state agent was seeking information that would be incriminating. A reasonable person who had been arrested, handcuffed and searched, then confronted with a package containing what appeared to be a controlled substance found in his pocket, would understand the deputy's conduct as an accusation, intended to elicit

4

an incriminating response, whether that would be in the form of an admission or an explanation for the presence of the substance.

Appellant's Br. at 5 (citation omitted).

Interrogation includes express questioning and its functional equivalent, which means "'any words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect.'" *State v. Wilson*, 144 Wn. App. 166, 184, 181 P.3d 887 (2008) (quoting *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S. Ct. 1682, 64 L. Ed. 2d 297 (1980)).

Mr. Savino's argument that the deputy "confronted" Mr. Savino with the contraband is without a factual basis. The facts developed during the CrR 3.5 hearing merely establish that Deputy Schaum found the contraband in the second wrapper inside the pants worn by Mr. Savino. Because of Mr. Savino's response, we infer that Mr. Savino knew that Deputy Schaum found the contraband in the pants. But we cannot infer any more from the record. Mr. Savino did not cross-examine Deputy Schaum during the hearing, so there are no facts to support his theory on appeal that the deputy "confronted" him with the contraband.[2]

---

[2] This argument was not made during the CrR 3.5 hearing. This could explain why Mr. Savino did not cross-examine the deputy, and surely explains why the trial court did not enter findings that directly address this argument on appeal. Because the State did not argue that Mr. Savino waived this argument on appeal, we do not decide that issue.

The uncontested finding that Mr. Savino's response was not made in response to police questioning is supported by the record. That finding supports the conclusions of law that Mr. Savino's statements were not the product of police interrogation, were voluntary, and therefore were admissible.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, A.C.J.

WE CONCUR:

Korsmo, J.

Pennell, J.

6