IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35552-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEREK R. GARNER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — The sole issue in this appeal is whether defense counsel erred at the CrR 3.5 hearing by failing to seek admission of the State's video exhibit, ostensibly so that Mr. Garner could argue on appeal that the video recording says something other than what the trial judge heard. This argument does not establish ineffective assistance, so we affirm.

FACTS

Appellant Derek Garner was discovered sleeping in a stolen car at 3:00 a.m. His encounter with the arresting officer was captured on the officer's body camera. Spokane Police Department Officer Brandon Rankin awakened Mr. Garner, removed him from the stolen vehicle, and advised him of his *Miranda* rights.[1] The officer then asked whether

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Mr. Garner was willing to talk to him. His response was the subject of the dispute at the CrR 3.5 hearing and is the dispute in this appeal.

It apparently was difficult to understand Mr. Garner's answer to the question of whether or not he was willing to speak to the officer; the officer had to ask the question three times to get an audible response. The court reporter heard the respective answers as "No, I do not," "(inaudible) no," and "(inaudible)." According to the officer, Garner agreed to talk to him on the final occasion and then did so, explaining that he had recently purchased the vehicle in downtown Spokane from an unknown person.

Mr. Garner did not testify at the hearing, but his counsel argued to the trial court that the actual answer to the officer's inquiries was "Hell no." The trial court watched the video and determined that Mr. Garner responded "Yeah, I will." The court concluded that Mr. Garner knowingly and intelligently waived his rights and voluntarily spoke to the officer.

After the interview, Officer Rankin formally placed Mr. Garner under arrest for possession of a stolen vehicle. Mr. Garner stated to Officer Rankin that he figured the car was stolen and had been planning to turn it over to the police. The trial court concluded that this statement was volunteered and not made in response to interrogation.

The matter proceeded to jury trial. The video was not used at trial. Officer Rankin testified to Mr. Garner's statements from their encounter. The jury convicted Mr.

2

Garner on the one charge of possession of a stolen vehicle. The trial court imposed a prison-based DOSA[2] sentence.

Mr. Garner timely appealed to this court. A panel considered his appeal without hearing argument.

## ANALYSIS

The sole issue presented by Mr. Garner is a contention that his trial counsel rendered ineffective assistance by not offering the body camera video into evidence at the CrR 3.5 hearing as an exhibit. He fails to establish that his attorney erred or that he suffered any prejudice.

We consider this issue in accordance with well settled law. Counsel's failure to live up to the standards of the profession will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). Review is highly deferential and we engage in the presumption that counsel was competent; moreover, counsel's strategic or tactical choices are not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts apply a two-prong test: whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id*. at 690-692. When a claim can be resolved on one

---

[2] Drug Offender Sentencing Alternative, RCW 9.94A.662.

ground, a reviewing court need not consider both *Strickland* prongs. *Id*. at 697; *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

The presumption of effectiveness is the first hurdle Mr. Garner must clear. He presents no authority suggesting that his attorney erred by failing to offer the State's exhibit into evidence simply so that an appellate attorney might be able later to make an issue out of it. Trial counsel's efforts were directed at excluding the initial statement. To that end, the trial court heard the exhibit and made its own determination about what was said. The defense presented no evidence and did not need the exhibit entered into the record since it was viewed and heard by the trial judge and reported by the court reporter. The exhibit was in the record as far as the defense was concerned. There was no apparent need for either side to formally admit the exhibit for the purposes of that hearing.

Even if the exhibit should have been entered into evidence, the alleged error was not prejudicial. Mr. Garner contends that this court could listen to the video and come to a different conclusion about what was said than the trial judge. He is incorrect. The trial court was tasked with the evidence weighing function; this court was not. Appellate courts do not hear or weigh evidence, find facts, or substitute their opinions for those of the trier-of-fact. Instead, they must defer to the factual findings made by the trier-of-fact. *See, e.g.*, *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 572, 575, 343 P.2d 183 (1959); *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App. 710, 717, 225 P.3d 266 (2009).

Thus, this court reviews the trial court's factual determinations for sufficiency rather than make our own credibility determinations. *Cherry Lane*, 153 Wn. App. at 717. "When reviewing a trial court's ruling on a motion to suppress, we determine whether substantial evidence supports the trial court's findings of fact and whether the findings of fact support the trial court's conclusions of law." *State v. Russell*, 180 Wn.2d 860, 866, 330 P.3d 151 (2014). "Evidence is substantial when it is enough 'to persuade a fair-minded person of the truth of the stated premise.'" *State v. Garvin*, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009) (quoting *State v. Reid*, 98 Wn. App. 152, 156, 988 P.2d 1038 (1999)). This court reviews conclusions of law de novo. *Garvin*, 166 Wn.2d at 249.

Here, Mr. Garner argues that if this court had the video, it could reexamine the contents and find that he did not agree to talk to the officer. However, this court will not weigh evidence or substitute its opinions for those of the trier of fact.[3] *Thorndike*, 54 Wn.2d at 572, 575. Instead, under a sufficiency of the evidence review, this court would be able, without the video, to find that substantial evidence supports the trial court's finding that Mr. Garner waived his right to silence. The arresting officer testified that Mr. Garner said "Yeah" when asked the third time if he wished to talk. He also talked with the officer, behavior that is entirely consistent with the officer's statement that Mr. Garner agreed to speak. Finally, the video was played in its entirety for the trial court

---

[3] It is the duty of the trial court, not this court, to settle the record when it is in dispute. RAP 9.5(c), (d); RAP 9.10.

and the trial court also found that Mr. Garner stated "Yeah, I will" and found that was sufficient to constitute a waiver of his right to remain silent. Because substantial evidence supports the trial court's findings, no prejudice can exist for failing to have the video admitted as an exhibit because there was no likelihood that the outcome would have been different. *See State v. Thomas*, 109 Wn.2d 222, 226, 743 P.2d 816 (1987).

There is a second reason that there was no prejudice—the voluntary postinterview admission that he believed the vehicle was stolen was still admissible. Even if the initial statement had been excluded, the later admission would still have been properly in front of the jury. Exclusion of the initial statement would not have altered the trial outcome.

For all of the noted reasons, Mr. Garner failed to establish that his trial counsel rendered ineffective assistance. The conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.

6