IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36450-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHILOH KORACK KELLEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Shiloh Kelley appeals his convictions for possession of a controlled substance and making a false statement, arguing that all of the evidence against him was the product of an illegal seizure. Agreeing with the trial court that no unlawful seizure occurred, we affirm.

FACTS

Spokane Police Officer Brandon Rankin was on patrol at 3:00 a.m. on June 26, 2018. He pulled into a gas station and observed a woman suddenly leave her car and enter the convenience store. Officer Rankin approached her vehicle and shined his flashlight through the window. Inside he observed a methamphetamine smoking device, a white crystalline substance on the floor, and a male—later identified as the appellant— in the backseat. Upon returning, the woman claimed she did not have drugs and did not

know the man. Officer Rankin requested a search warrant for the vehicle and asked the male occupant for his name, which he claimed was "Ryan Ogden." A records check showed the male was not Ryan Ogden. Officer Rankin arrested the man for obstruction and, during a search incident to arrest, found a bag containing heroin. Another officer identified the male as Mr. Kelley.

The defense moved to suppress both Mr. Kelley's statements and evidence uncovered by the search, claiming that the seizure was unlawful. The court found no seizure occurred until law enforcement had reasonable suspicion to detain the appellant.

A jury convicted Mr. Kelley for making a false or misleading statement and possession of controlled substance. The court imposed a residential chemical dependency treatment sentence.

Mr. Kelley timely appealed to this court. A panel considered his appeal without hearing argument.

ANALYSIS

The sole issue presented is whether the trial court properly denied the motion to suppress.

We review findings entered following a suppression hearing for substantial evidence. *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994). "Evidence is substantial when it is enough 'to persuade a fair-minded person of the truth of the stated premise.'" *State v. Garvin*, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009) (quoting *State v.*

2

*Reid*, 98 Wn. App. 152, 156, 988 P.2d 1038 (1999)). The appellate court reviews de novo the conclusions derived from the factual findings. *State v. Armenta*, 134 Wn.2d 1, 9, 948 P.2d 1280 (1997). It is the defendant's burden in a suppression hearing to establish that he was seized. *State v. O'Neill*, 148 Wn.2d 564, 575, 62 P.3d 489 (2003). Once a seizure has been established, it is the State's burden to show it was justified. *State v. Potter*, 156 Wn.2d 835, 840, 132 P.3d 1089 (2006).

A police officer's conduct—not the officer's intent—determines whether a seizure occurred. *State v. Harrington*, 167 Wn.2d 656, 663-664, 222 P.3d 92 (2009). A seizure does not occur when police approach publically parked cars if the occupants are free to leave. *State v. Mote*, 129 Wn. App. 276, 289-290, 120 P.3d 596 (2005). It is not a search for an officer to use a flashlight to view inside a vehicle. *State v. O'Neill*, 148 Wn.2d at 578. A contact may escalate to a seizure so long as there is a valid basis to seize a suspect. *Id*. at 582. Police may detain a suspect through an investigative stop. *State v. Johnson*, 8 Wn. App. 2d 728, 746-747, 440 P.3d 1032 (2019). An officer must have reasonable, articulable suspicion the individual is actively involved in criminal activity and may not detain a suspect longer than necessary to confirm or dispel suspicion. *Id*.

The trial court found that Mr. Kelley was not seized when Officer Rankin merely shined a flashlight into the vehicle. All observations were made in public and no evidence suggests the appellant could not freely leave during this initial contact. Officer Rankin observed potential drug paraphernalia and knew the gas station was a high drug

use area. These observations led Rankin to detain Kelley and request his name to investigate drug possession. When Kelley gave a false name, the officer had probable cause to arrest him and could lawfully search incident to arrest.[1]

Because the trial court did not err concluding the appellant was not unlawfully seized, we affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Pennell, A.C.J.

Siddoway, J.

---

[1] Because we conclude there was no unlawful seizure, we do not address whether the evidence obtained from the search would still be admissible due to the new offense committed by the appellant—giving a false name—after the seizure.