**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 81881-3-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| SHANE EUGENE WHISLER, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | |

MANN, C.J. — Shane Whisler appeals his convictions for possession of a stolen vehicle and hit-and-run injury accident. Whisler argues that the trial court erred denying his CrR 3.6 motion to suppress evidence based on an unlawful warrantless detention. We affirm.

FACTS

On July 6, 2019, around 2:00 p.m., Mukilteo police received a report of a hit-and-run collision at the intersection of 84th Street S.W. and 44th Avenue in Mukilteo. The vehicle was described as a gray Chevrolet Suburban with front-end damage. Dispatch relayed this report to Mukilteo Police Sergeant Andrew Illyn at 2:04 p.m.

Citations and pin cites are based on the Westlaw online version of the cited material.

While about one-half mile from the collision scene, Sergeant Illyn received a second report from dispatch that the fleeing vehicle was behind the Mukilteo Chamber of Commerce.[1]  Sergeant Illyn arrived at the driveway to the Chamber of Commerce four minutes after the initial dispatch.  Upon arrival, Sergeant Illyn saw a gray and green Chevrolet Suburban with substantial damage to the front driver's side—the entire headlight assembly was missing, and the hood was ajar.

As Sergeant Illyn approached, Whisler, Ashley Andrews, and her mother, Lisa Andrews were jogging away from the vehicle.  Sergeant Illyn ordered the individuals to stop to which they complied.  Following questioning, Sergeant Illyn determined that Whisler was driving the vehicle, and that the vehicle was stolen.

Whisler was charged with possession of a stolen vehicle and hit-and-run injury accident.  The trial court denied Whisler's motion under CrR 3.6 to suppress evidence against him based on an unlawful warrantless detention.  A jury convicted Whisler of both counts and he was sentenced to 60 months.

Whisler appeals.

### ANALYSIS

Whisler argues that the trial court erred in denying his CrR 3.6 motion to suppress evidence based on an unlawful warrantless detention.  We disagree.

Under the Fourth Amendment to the United States Constitution and article 1, § 7 of the Washington Constitution, warrantless searches and seizures are per se unreasonable unless the State demonstrates "it falls within one of the carefully drawn

---

[1] The second report contained information that the fleeing vehicle was behind the Mukilteo Visitors Center, but Sergeant Illyn determined that this description of the building was outdated, and that it currently housed the Mukilteo Chamber of Commerce.

and jealously guarded exceptions to the warrant requirement." State v. Ortega, 177 Wn.2d 116, 122, 297 P.3d 57 (2013). One such exception is that an officer may detain a person for investigation based on "a reasonable suspicion, grounded in specific and articulable facts, that the person stopped has been or is about to be involved in a crime." State v. Acrey, 148 Wn.2d 738, 747, 64 P.3d 594 (2003); Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

"When reviewing the denial of a suppression motion, an appellate court determines whether substantial evidence supports the challenged findings of fact and whether the findings support the conclusions of law." State v. Garvin, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009). Evidence is substantial when it is enough "to persuade a fair-minded person of the truth of the stated premise." State v. Reid, 98 Wn. App. 152, 156, 988 P.2d 1038 (1999). We review an order pertaining to the suppression evidence de novo. Garvin, 166 Wn.2d at 249.

An investigatory stop must be reasonable. State v. Kennedy, 107 Wn.2d 1, 4, 726 P.2d 445 (1986). "When reviewing the merits of an investigatory stop, a court must evaluate the totality of circumstances presented to the investigating officer." State v. Doughty, 170 Wn.2d 57, 62, 239 P.3d 573 (2010). The State must demonstrate by clear and convincing evidence that the investigatory stop was justified. Doughty 170 Wn.2d at 62.

To begin with, Whisler assigns error to the statement in the trial court's conclusion of law III that the damage to the suburban was "fresh."[2] Substantial

---

[2] Whisler also assigns error to the trial court's finding of fact III—that after being told to stop he "continued a bit further around the driveway" and returned "after repeated commands." The State concedes that the finding is inaccurate. We accept this concession.

evidence supports this statement. The vehicle's headlight, front bumper, and quarter panel were significantly damaged, with wiring and vehicle parts hanging from the hole where the headlight once was. Nor was there any sign of rust, nor any indication that an individual tried to tidy up the body damage.

The totality of circumstances justifies Sergeant Illyn's investigative stop. Police received a call that a gray Chevrolet Suburban with front-end damage was fleeing the scene of an accident. Sergeant Illyn, close to the scene, responded to police dispatch. Police then received a second call reporting the fleeing vehicle parked behind the Mukilteo Chamber of Commerce. Sergeant Illyn, close to the building, arrived to spot three individuals fleeing from a vehicle matching dispatch's description. All these events happened in under five minutes. Considering the totality of the circumstances, Sergeant Illyn's investigative stop was justified.

Affirmed.

_Mann, C.J._

WE CONCUR:

_Brumm, J_          _Appelwick, J._